IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THERARON WELLS,

                              Plaintiff,

    v.

P. GOVIER and DUVE,

                              Defendants.

OPINION and ORDER

18-cv-693-jdp

---

Pro se plaintiff Theraron Wells, an inmate incarcerated at Wisconsin Secure Program Facility (WSPF), alleges that defendant prison officials repeatedly gave him medication despite a rule prohibiting him from possessing medication in his cell. Each time that a defendant gave Wells medication, Wells attempted to harm himself by overdosing on the medication. After screening his original complaint, I granted Wells leave to proceed on claims of deliberate indifference and negligence against two WSPF officers who gave Wells medication, P. Govier and Duve. Dkt. 16.

Wells now moves to supplement his complaint and add additional defendants, R. Stillwell, Mark Kartman, and Labbus Brown. Dkt. 29 and Dkt. 30. After screening his new allegations under 28 U.S.C. § 1915A, I will allow Wells to proceed on additional claims of deliberate indifference against those defendants.

Wells has also filed a letter saying that defendants are interfering with his ability to litigate this lawsuit. Dkt. 25. He followed this letter with a motion asking me to inspect video from January 4, 2019, that he says will prove his allegations of interference. I will give defendants a short time to respond to the request for production of the video.

ALLEGATIONS OF FACT

I draw the following facts from Wells's supplemental complaint, Dkt. 30, and I accept them as true at the screening stage.

On November 16, 2018, the Health Services Unit sent Wells medication with a "keep on person" restriction, meaning that Wells was not allowed to keep that medication in his personal possession. Instead, the medication was supposed to be stored in the medication cart, in control of correctional officers.

Defendant Officer R. Stillwell knew about Wells's medication restriction, but he nonetheless gave Wells the medication and allowed Wells to keep it in his cell. Three days later, Wells attempted to commit suicide by overdosing on the medication and was sent to the emergency room for treatment.

Wells has overdosed on medication multiple times, and he previously filed complaints with the institution complaint examiner. The complaint examiner notified defendants security director Mark Kartman and unit manager Labbus Brown about Wells's overdoses and medication restriction. But Kartman and Brown have not trained staff to stop giving Wells medication.

ANALYSIS

A. Motion to supplement

Wells moves to supplement his complaint to add Eighth Amendment claims against three additional defendants.[1] The Eighth Amendment prohibits prison officials from acting

_____

[1] In his original complaint, Wells brought claims for deliberate indifference and Wisconsin-law negligence. Dkt. 1. He indicated that he had timely filed a notice of claim regarding those defendants under Wis. Stat. § 893.32. Wells does not raise negligence claims against the new

with deliberate indifference toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). This includes "an obligation to intervene when [prison officials] know a prisoner suffers from self-destructive tendencies." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 665 (7th Cir. 2012); *see also Sanville v. McCaughtry*, 266 F.3d 724, 737 (7th Cir. 2001). To state a deliberate indifference claim against a defendant, Wells must allege that the defendant was aware of a substantial risk of harm and consciously failed to take reasonable measures to help him. *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015).

Wells states a claim for deliberate indifference against defendant Stillwell. He alleges that Stillwell was aware that Wells had a medication restriction but nonetheless gave him medication in violation of the restriction. As a result, Wells overdosed on medication and had to be taken to the hospital. These claims are essentially identical to Wells's claims against defendants Govier and Duve. I will allow Wells to proceed against Stillwell just as I allowed him to proceed against those defendants.

Wells also states claims for deliberate indifference against defendants Kartman and Brown. Wells alleges the institution complaint examiner told both defendants about complaints that Wells filed. I can infer from Wells's previous filings that Wells is referring to complaints regarding the incidents with Govier and Duve that occurred last May. *See* Dkt. 16. So Kartman and Brown were aware that (1) officers on at least two occasions gave Wells medication in violation of the keep on person restriction; and (2) on each occasion, Wells attempted suicide by overdose. Wells says that neither Kartman nor Brown intervened to train staff and ensure that Wells stopped receiving medications. And at the screening stage, I can

---

defendants. Nor does he say that he filed a notice of claim regarding the new defendants, as he is required to do before filing a negligence claim.

infer that if they had intervened, then the most recent incident would not have happened. So I will allow Wells to proceed on Eighth Amendment claims against these defendants.

## B. Letter regarding interference

Wells sent me a letter saying that WSPF security staff, psychological staff, and medical staff are retaliating against him for filing this lawsuit. Dkt. 25. In particular, he says that WSPF officials gave him a conduct report for being suicidal in violation of DOC policy and isolated him from other inmates. He says this isolation makes it difficult for him to seek legal assistance.

Wells followed this letter with a motion for *in camera* inspection officer S. Hill's body camera video from January 4, 2019, from 12:00 p.m. to 1:30 p.m. Dkt. 31 and Dkt. 33. Wells says that the footage will show that another inmate gave Wells's legal work to Hill, and that Hill gave the legal work to her supervisor and prevented Wells from receiving and filing it.

Defendants say that Wells must raise retaliation issues in a separate lawsuit. And they are correct that substantive claims for retaliation would typically belong in a separate case. But Wells does not seek to add substantive claims for retaliation. Rather, he alleges that WSPF officials are interfering with his ability to litigate this case, and he asks for an order telling the warden of WSPF to stop isolating him so that he can get legal help from other inmates. I can consider such allegations to ensure that Wells has proper access to the court.

Defendants have responded to Wells's initial letter, but they have not yet had the opportunity to respond to his motion for inspection of the body camera footage. I will give defendants a short time to respond to the motion.


ORDER

IT IS ORDERED that:

1. Plaintiff Theraron Wells's motion to supplement his complaint, Dkt. 29, is GRANTED. In total, Wells is granted leave to proceed on the following claims:

   a. Eighth Amendment deliberate indifference claims against defendants P. Govier, Duve, R. Stillwell, Mark Kartman, and Labbus Brown.

   b. Wisconsin-law negligence claims against defendants P. Govier and Duve.

2. Defendants have until January 23, 2019, to respond to plaintiff's motion for inspection of the body camera video. Dkt. 31.

Entered January 9, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge