IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THERARON WELLS,

                Plaintiff,

v.                                                   OPINION and ORDER

P. GOVIER, DUVE, R. STILLWELL,                         18-cv-693-jdp
MARK KARTMAN, and LABBUS BROWN,

                Defendants.

---

Pro se plaintiff Theraron Wells, an inmate incarcerated at Wisconsin Secure Program Facility (WSPF), alleges that defendant prison officials allowed him to overdose on medication. Wells has several motions before the court.

Wells filed a letter saying that defendants are interfering with his legal work and requesting an order prohibiting defendants from placing him in segregation. Dkt. 25. Wells also filed two motions to compel production of a body camera video that he contends will corroborate his claims of interference. Dkt. 31 and Dkt. 47. Because there is no evidence that defendants have interfered with Wells's ability to litigate this case, or evidence that the requested video exists, I will deny these motions.

Wells also filed a motion for assistance in recruiting counsel. Dkt. 48. I will deny this motion because I am not convinced that Wells is unable to litigate this case himself.

ANALYSIS

**A. Motion to compel and interference with litigation**

Wells says that on January 4, 2019, another inmate asked officer Shelly Hill to bring "legal papers" to Wells, but that Hill confiscated the papers. Dkt. 33, ¶ 2–3. Wells did not

witness Hill take the papers, and he does not explain why he believes Hill took them, but defendants say that Wells got his information from Carlos Lindsey, another inmate at WSPF. Hill says that does not remember receiving any paperwork on January 4, or any other date, and that she would not have agreed to take the papers if an inmate asked her to pass them to Wells. Wells asks the court to compel production of Hill's body camera video on January 4, and to review the video for evidence of interference.

Defense counsel represents that they have searched for the video, but that no video exists for Hill's body camera on that date. The prison's security director, defendant Mark Kartman, says that the lack of video is "in accordance with the Division of Adult Institution's policy on preservation of body camera footage." Dkt. 45, ¶ 5. Kartman does not explain what that policy is because of "security reasons." *Id.* (He does not explain why inmate knowledge of this policy would pose a security risk.) But DAI policies are publicly available, and they require officers to turn their camera on only in specific situations, none of which would apply here. DAI 306.16.01.

Wells says that I should not accept defendants' representations and should compel the video to see for myself. But I cannot order defendants to produce a video that does not exist, and there is no reason to believe that defendants are lying. So I will deny the motions to compel.

I will also deny Wells's request for an order telling prison officials to stop isolating him and interfering with his case. Wells does not explain what papers he believes were taken by Hill, or why he needs those papers to litigate his case. And apart from the alleged incident with Hill, there is no evidence that prison officials have interfered with Wells's case. Wells says that prison officials put him in segregation in retaliation for filing this suit, Dkt. 25, but this has

2

not significantly affected Wells's ability to represent himself. On the contrary, Wells has filed multiple motions, including a motion for summary judgment that he filed more than three months before the motion was due. Dkt. 52. Wells may think that his placement in segregation was unfair, or even unconstitutional, but that is an issue that he will need to raise in a separate lawsuit.

**B. Motion for assistance in recruiting counsel**

Wells asks for the appointment of counsel to help him litigate this case. But litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

To prove that assistance in recruiting counsel is necessary, this court generally requires that pro se plaintiffs: (1) provide the names and addresses of at least three lawyers who decline to represent them in the case; and (2) demonstrate that theirs is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds their demonstrated ability to prosecute it. *Pruitt.* 503 F.3d at 655; *see also Young v. Cramer*, No. 13-cv-77, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013). Wells satisfies the first requirement because he provides the names and address of four law firms that he contacted.

But he fails the second requirement because he has not shown that this case will be too complex for him to handle.

Wells says that he was not prepared to litigate this case because a jailhouse lawyer filed it without his permission. But I gave Wells the opportunity to withdraw his case, and Wells made the decision to move forward. Dkt. 15. Wells argues that he lacks legal experience and will have difficulty investigating the case while in prison. But these barriers are unfortunately common among pro se prisoner litigants. They are not in themselves reasons to recruit counsel. And they have not stopped Wells from filing multiple motions in this case and adequately representing himself thus far.

Wells says that this case is especially complex because it has a large number of defendants, involves conflicting testimony, and will require medical testimony. But this case does not have an unusual number of defendants, and nearly every case involves conflicting testimony. And although this case involves medication, it is too early to tell whether it will involve complex medical issues that exceed Wells's capacity. Often these types of cases boil down to factual disputes about whether the defendants acted with deliberate indifference towards the risk of self-harm. Wells does not need to make complicated legal arguments to prove that defendants acted with deliberate indifference; he simply needs to tell his side of the story. He can do this by testifying about what happened and calling any witnesses who observed what happened.

So I will deny the motion. As the case progresses, if Wells continues to believe that he is unable to litigate the lawsuit himself, then he may renew his motion. But he will have to explain what specific litigation tasks he cannot perform. If he finds it difficult to meet a specific

court deadline, then he should write the court about that and seek an extension of that deadline.

ORDER

IT IS ORDERED that:

1. Plaintiff Theraron Wells's motions to compel, Dkt. 31 and Dkt. 47, are DENIED.

2. Plaintiff's motion for relief regarding prison officials' interference with this case, Dkt. 25, is DENIED.

3. Plaintiff's motion for assistance in recruiting counsel, Dkt. 48, is DENIED.

Entered July 15, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge