IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THERARON WELLS,

        Plaintiff,

v.

PATRICK GOVIER, JORDAN DUVE,
and RICKY STILWELL,

        Defendants.

OPINION and ORDER

18-cv-693-jdp

---

Pro se plaintiff Theraron Wells has renewed his request for assistance in recruiting counsel. Dkt. 105. Wells, an inmate at Wisconsin Secure Program Facility (WSPF), is proceeding to trial against defendant WSPF correctional officers on claims under the Eighth Amendment to the United States Constitution and Wisconsin negligence law. Dkt. 101.

I denied Wells's previous request for assistance in recruiting counsel because his claims will not require him to question medical experts or present complicated medical evidence at trial. Dkt. 104, at 2. I also noted that although Wells says that he's received assistance in drafting previous filings, it appeared that he had drafted some filings himself, and those filings showed that he could communicate clearly. *Id.* In response, Wells says that he prepared all of his filings in this court, including his current motion, with assistance from fellow inmates. And he says that he lacks enough knowledge of the law to allow him to present his case effectively in court.

As I said in my response to Wells's previous motion, few pro se litigants have sophisticated knowledge of the law. Given the shortage of lawyers who are willing to represent pro se litigants, Wells's case doesn't have the type of complexity that warrants assistance in recruiting counsel. He will simply need to tell his story about what happened and ask the

witnesses about what they saw and heard. Wells has not submitted anything suggesting that he will be unable to do this.

Wells asks me in the alternative to stay this case and postpone trial until after his release in August 2020. He says that he will have the means and funds to hire a lawyer at that time. But a trial date can be changed "only for good cause," Fed. R. Civ. P. 16(b)(4), and Wells provides no proof that he would be able to hire a lawyer after his release, such as a letter from a lawyer agreeing to represent him at that time. Wells's assertion that he will be able to hire a lawyer in the future isn't enough to justify moving the trial date.

To prepare to represent himself at trial, Wells should carefully review the trial preparation order, Dkt. 103, which lays out what he must do before and during trial. I will also help the parties prepare for trial during the final pretrial conference, which will be held on February 21, 2020, at 10:00 a.m. I have presided over many trials in which prisoners have represented themselves, and I will do my best to make sure that Wells understands what is happening during his trial and knows what is expected of him by giving him clear instructions and answering his questions about trial procedure.

ORDER

IT IS ORDERED that plaintiff Theraron Wells's motion for assistance in recruiting counsel, Dkt. 105, is DENIED.

Entered January 28, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge