IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THERARON WELLS,

                    Plaintiff,

      v.                                              PRE-TRIAL ORDER

PATRICK GOVIER, JORDAN DUVE,                    18-cv-693-jdp
and RICKY STILWELL,

                    Defendants.

---

The court held a final pretrial conference by telephone on February 20, 2020. Plaintiff Theraron Wells appeared pro se; defendants appeared by counsel, Rachel Bachhuber and Samir Jaber. The court reviewed the trial process and gave Wells and defense counsel the opportunity to ask questions. Both sides said that they had no concerns with the court's draft voir dire and pretrial jury instructions. Drafts of posttrial instructions and the verdict form are attached to this order, as well as a draft of the pretrial jury instructions revised to add an instruction on expert witnesses.

Trial will begin with a pretrial conference at 8:30 a.m. on Monday, March 2, with jury selection to follow at 9:00 a.m. The parties predict that it will take two days to try the case. I will tell the jury that the trial will likely last two days but that they should be available through Thursday.

This rest of this order states the rulings made during the conference.

Wells's motion for a writ of habeas corpus *ad testificandum*, Dkt. 108, is granted for his witness Michael Ford and denied for his witness Eric Conner. The clerk of court is directed to issue a writ of habeas corpus *ad testificandum* for Ford. Conner will testify by video conference, so long as defendants' counsel ensures that the court's video conferencing standards are

satisfied: (1) counsel must identify a person at the prison responsible for arranging video conferencing who will be available to coordinate with the court in advance of trial and who will be available to address any problems that arise during the testimony; (2) Conner must be positioned properly in front of the camera, so that his face fills most of the screen; (3) the microphone must be positioned near Conner, so that the audio is clear and free of interference; and (4) Conner must be ready and available at the appropriate time.

Defendants' motion to amend its witness list to include Jason Hill instead of Tammy Dickman, Dkt. 136, is granted. Wells's objections to defendants' witnesses, Dkt. 130, are overruled.

Wells's motion in limine No. 1, Dkt. 139, is granted in part: defendants may not introduce records of Wells's conduct history, such as behavior logs, except for entries that are related to his self-harm attempts.

Wells's motion in limine No. 2, Dkt. 139, is unopposed and granted: defendants may not introduce evidence of Wells's criminal convictions.

Wells's motion in limine No. 3, Dkt. 139, is denied: defendants may introduce evidence of Wells's manipulation of the canteen ordering system and his overdose attempts because they are relevant to the question of Wells's contributory negligence.

Wells's motion in limine No. 4, Dkt. 139, is granted in part: defendants may introduce evidence of their policies and practices relating to suicide attempts, but they may not introduce evidence of the suicide attempts of other inmates.

Wells's motion in limine No. 5, Dkt. 139, is granted: defendants may not introduce evidence of Wells's witnesses' criminal history, disciplinary history, self-harm and suicide attempts, and court actions.

Wells's motion in limine No. 6, Dkt. 139, is granted in part: defendants may not introduce hearsay evidence of the events at issue in this case.

Defendants' motion in limine No. 1, Dkt. 118, is granted in part: Wells may not testify about the long-term effects of his overdose attempts that would require expert testimony, such as his need for future treatment. Wells may testify about his own experiences of pain and trauma from his overdose attempts.

Defendants' motion in limine No. 2, Dkt. 118, is granted: Wells may not introduce evidence regarding other lawsuits, complaints, or newspaper articles about the Wisconsin Department of Corrections.

Wells's objections to defendants' exhibit Nos. 505, 512, and 521, Dkt. 129, are overruled.

Wells's objection to defendants' exhibit No. 506, Dkt. 129, is sustained in part: defendants must redact any entry concerning misconduct that does not relate to Wells's self-harm attempts.

Wells's objection to defendants' exhibit No. 511, Dkt. 129, is sustained in part: defendants must redact the January 19, 2018 entry concerning masturbation.

Wells's objection to defendants' exhibit No. 522, Dkt. 129, is sustained in part: defendants must remove the health service requests relating to masturbation.

I will rule on defendants' objections to Wells's exhibits, Dkt. 134, at trial. As I explained during the conference, Wells's prior statements in grievances and his deposition testimony would be excluded as hearsay if he offers them to prove the truth of his statements or testimony. But defendants may offer Wells's statements as evidence against Wells. Pleadings and court orders are not evidence, and they may not be shown to the jury. Ford's and Conner's

declarations are hearsay, but Wells can use the declarations to refresh their memory during their testimony. I will address any other issues regarding Wells's exhibits at trial.

Defendants may introduce photographs and a floorplan to illustrate the space of the Wisconsin Secure Program Facility, so long as Wells has an opportunity to review these materials before trial.

During the conference, defendants contended that Wells must provide expert testimony to assert that he was so mentally incapacitated that he had no ability to protect himself. They later filed a brief in support of that argument, Dkt. 150, to which Wells has responded, Dkt. 153. Defendants' cited authorities do not persuade me that expert testimony is required, so I will allow Wells to introduce non-expert opinion testimony regarding his mental incapacitation. Any such testimony must comply with Federal Rule of Evidence 701, which requires the testimony to be rationally based on the witness's perception, helpful to determining a fact at issue, and not based on expert knowledge. After Wells has presented his case, I will assess whether Wells has introduced sufficient evidence to allow the jury to conclude that he was sufficiently mentally incapacitated to avoid contributory negligence.

Entered February 25, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge