IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THERARON WELLS,

                Plaintiff,

  v.

PATRICK GOVIER, JORDAN DUVE,
MS. DICKMAN, RICKY STILWELL,
MARK KARTMAN, and LEBBEUS BROWN,

                Defendants.

OPINION and ORDER

18-cv-693-jdp

---

Pro se plaintiff Theraron Wells is an inmate at Wisconsin Secure Program Facility (WSPF). On the eve of trial of Wells's constitutional and state-law negligence claims, defendants Patrick Govier, Ricky Stillwell, and Jordan Duve, three WSPF correctional officers, filed a motion to dismiss Wells's negligence claims against them, contending that Wells had failed to comply with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82(5). Dkt. 159. I shared Wells's frustration that defendants filed their motion at the last minute. But I was required to grant the motion because defendants showed that I did not have jurisdiction to hear his state-law claim because Wells had sent his notice of claim to the Wisconsin attorney general by first-class mail instead of by certified mail or personal service as required by the statute. *See* Dkt. 161.

After the trial concluded, but before judgment was entered, Wells asked me to reconsider my decision to dismiss his negligence claims. Dkt. 164. He has since filed what he styles as an amended motion for reconsideration. Dkt. 181.

Before turning to the substantive merits of the motion, I address two additional requests that Wells makes. First, he asks me to clarify whether I dismissed his state-law claims with or

without prejudice. Dkt. 164. The claims were dismissed without prejudice because they were not decided on their merits. However, the notice-of-claim statute requires notice to be filed within 120 days of the event causing the injury, Wis. Stat. § 893.82(3), so it may now be too late to satisfy that requirement.

Second, Wells asks me to extend his appeal deadline pending resolution of this motion. An extension is not necessary. Wells calls his motion one for reconsideration, but it is really a motion to alter or amend the judgment, or for relief from the judgment, which are authorized under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Wells filed his motion within 28 days of the judgment, so under Rule 4(a)(4) of the Federal Rules of Appellate Procedure, the deadline to file a notice of appeal will not start to run until I decide Wells' motion.

I turn now to the merits of his motion, which, as I said, is really one to alter the judgment under Rule 59 or relief from the judgment under Rule 60. Wells contends that I erred in dismissing his state-law claim for three reasons. First, he contends that I should not have dismissed his claims because defendants received actual notice of his claims. But Wells bases this argument on Wis. Stat. § 893.80, which governs what notice a plaintiff must give before bringing suit against *municipal* employees, not state employees. Because defendants are state employees, Wells was required to follow § 893.82, not § 893.80, and strict compliance was required. *See Kellner v. Christian*, 539 N.W.2d 685, 690, 197 Wis. 2d 183 (1995) (section 893.80 applies to claims against municipal employees and requires only substantial compliance, but § 893.82 applies to claims against state employees and requires strict compliance).

Second, Wells contends that *Felder v. Casey*, 487 U.S. 131 (1988), prevents the use of Wisconsin's notice-of-claim statute to dismiss his state-law negligence claims. In that case, the

2

United States Supreme Court held that Wisconsin's state courts could not dismiss a plaintiff's *federal-law* claims brought under 42 U.S.C. § 1983 because of the plaintiff's failure to comply with the notice-of-claim statute. *See id.* at 138. But *Felder* did not affect the application of § 893.82 to *state-law* claims in any way. *See, e.g., Weinberger v. Wisconsin*, 105 F.3d 1182, 1188 (7th Cir. 1997) ("A complaint that fails to show compliance with § 893.82 fails to state a claim upon which relief can be granted.").

Third, Wells contends that I should not have dismissed his state-law claims because I had already assumed supplemental jurisdiction over them in my screening order, Dkt. 16. But a federal court cannot exercise supplemental jurisdiction over a claim that it lacks the power to decide. Wisconsin's notice-of-claim statute is jurisdictional, meaning that if a plaintiff does not comply with it, the court has no power to hear the claim. *Oney v. Schrauth*, 541 N.W.2d 229, 233, 197 Wis. 2d 891 (Ct. App. 1995). So after defendants showed that Wells had not strictly complied with the statute's requirements, I was required to grant their motion.

Wells has not identified any error in my decision. Accordingly, I will deny his motion.

ORDER

IT IS ORDERED that plaintiff Theraron Wells's motion, Dkt. 181, is DENIED.

Entered May 4, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge